JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Arpad Madarsz

**DEFENDANTS**

Laboratory Corporation of America Holdings;
LabCorp Early Development Laboratories, Inc.; and
Laboratory Drug Development Inc.

**(b)** County of Residence of First Listed Plaintiff  Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Burlington, NC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.; 42 U.S.C. §2000e

Brief description of cause:
Plaintiff was discriminated against because of his age and sex.

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
3/8/2024

SIGNATURE OF ATTORNEY OF RECORD
*Caren Gurmankin*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Warminster, PA 18974 _____

Address of Defendant: _____ 358 South Main Street, Burlington, NC 27215 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/08/2024     *(signature)*     205900

     *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*   *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

*B.*   *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 03/08/2024     *(signature)*     205900

     *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Arpad Madarsz | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Laboratory Corporation of America Holdings, et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( X )

| | | |
|---|---|---|
| 3/8/2024 | _Carin Gnat_ | Plaintiff, Arpad Madarsz |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| **ARPAD MADARSZ** | : | |
| **Warminster, PA 18974** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LABORATORY CORPORATION** | : | |
| **OF AMERICA HOLDINGS** | : | |
| **358 South Main Street** | : | |
| **Burlington, NC 27215** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **and** | : | |
| | : | |
| **LABCORP EARLY DEVELOPMENT** | : | |
| **LABORATORIES, INC.** | : | |
| **358 South Main Street** | : | |
| **Burlington, NC 27215** | : | |
| | : | |
| **and** | : | |
| | : | |
| **LABORATORY DRUG** | : | |
| **DEVELOPMENT INC.** | : | |
| **358 South Main Street** | : | |
| **Burlington, NC 27215** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## **COMPLAINT**

### I.  **INTRODUCTION**

Plaintiff, Arpad Madarasz, brings this action against his former employers,

Laboratory Corporation of America Holdings; LabCorp Early Development Laboratories,

Inc.; and, Laboratory Drug Development Inc. (together "Defendants").  Defendants

terminated sixty-two (62) year old Plaintiff after removing his territory from him and

assigning it to younger, female employees, promoting a younger, female employee over him into a position for which he was qualified and which was not posted, placing him on an unjustified Performance Improvement Plan, and replacing him with a younger, female employee. Defendants' discriminatory conduct towards Plaintiff violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").[1]

II.   **PARTIES**

1.      Plaintiff, Arpad Madarsz, is an individual and a citizen of the Commonwealth of Pennsylvania. He resides in Warminster, PA 18974.

2.      Plaintiff was born in April 1961. He was sixty-two (62) years old at the time that Defendants terminated his employment in June 2023.

3.      Plaintiff is male.

4.      Defendant, Laboratory Corporation of America Holdings, is a Delaware corporation with a principal place of business at 358 South Main Street, Burlington, NC 27215.

5.      Defendant, LabCorp Early Development Laboratories, Inc., is a Delaware corporation with a principal place of business at 358 South Main Street, Burlington, NC 27215.

6.      According to Defendants' Position Statement that they submitted to the Equal Employment Opportunity Commission ("EEOC") in response to Plaintiff's Charge of Discrimination that he filed, Defendant Labcorp Early Development Laboratories Inc. was a wholly-owned subsidiary of Defendant Laboratory Drug Development Inc.

---

[1] Plaintiff plans to amend his Complaint one (1) year after the filing of his Charge with the Equal Employment Opportunity Commission (cross-filed with the Pennsylvania Human Relations Commission) to add claims under the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

7.      Plaintiff was paid by Defendant LabCorp Early Development Laboratories, Inc.

8.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

9.      At all times material hereto, Defendants employed more than twenty (20) employees.

10.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11.     At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

12.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

13.     Plaintiff worked out of his home in Warminster, PA 18974.

## III.    JURISDICTION AND VENUE

14.     The causes of action which form the basis of this matter arise under Title VII and the ADEA.

15.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

16.     The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

17.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of

seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

18.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

19.     On or about June 23, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged hereto.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

20.     On or about December 11, 2023, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for his June 2023 EEOC Charge.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

22.     Plaintiff started working at Defendants on or about August 21, 2018.

23.     At the time of his termination, Plaintiff held the position of Senior Business Development Director, Early Development.

24.     Plaintiff's job was to sell Defendants' Early Development services to small to mid-size biotechnology companies in the Boston, MA area who were developing innovative new drugs and needed assistance doing so and bringing the drugs to market,

specifically in connection with testing the drugs for safety using, primarily, laboratory animals.

25.     As of the time of his termination from Defendants, Plaintiff had worked in contract research companies servicing biotechnology and pharmaceutical companies for over thirty years.

26.     At all times material hereto, Plaintiff performed his job duties in a highly competent manner.  By way of example only, in 2019, Plaintiff was named a member of Defendants' Gem Club, which is awarded to the top salesperson and is considered a significant and prestigious achievement at Defendants.

27.     Plaintiff started reporting directly to Victoria Murray-Tait (female), Executive Director, in or around January 2022.  Murray-Tait reported directly to Kristine Dehler (female), Head of North American Sales, Early Development.

28.     As of the time that Plaintiff started reporting directly to Murray-Tait and for the almost four years since he started at Defendants, he managed and developed a territory that was one that had significant potential for lucrative sales based on the number of biotechnology companies within the territory, and was one of the most lucrative based on sales that he had generated.

29.     Murray-Tait treated Plaintiff worse than female and/or younger direct reports, including that which is set forth herein.

30.     Murray-Tait harshly and unjustly criticized Plaintiff's performance.

31.     During most of Plaintiff's employment, he worked very closely with an experienced Proposal Manager at Defendants.  That individual had been in the position at Defendants for over five (5) years.

32.     The Proposal Managers at Defendants were key to managing, developing, and overseeing business proposals to potential clients.

33.     When the Proposal Manager with whom Plaintiff had worked since he started his employment at Defendants left his employment in around June 2022, Plaintiff was assigned to work with a new Proposal Manager.

34.     The new Proposal Manager with whom Plaintiff was assigned to work had been in the position only since late 2021 and was still being trained at the time that Plaintiff was assigned to work with her.

35.     Plaintiff repeatedly complained to Murray-Tait about the new Proposal Manager and that her lack of experience and performance deficiencies were making his job more difficult as he was not getting the support that someone in his position needed and he had to spend time doing tasks for which the Proposal Manager was responsible rather than work on developing sales within his territory.

36.     Murray-Tait acknowledged that she agreed with Plaintiff's assessment that the performance, skills, and experience of the new Proposal Manager was deficient.

37.     Murray-Tait did not offer Plaintiff an alternative regarding the new Proposal Manager to whom he was assigned and she did not offer assistance to him in connection with that issue.

38.     On or about October 18, 2022, Murray-Tait informed Plaintiff that the bulk of the territory that he had managed and developed for the past three years was being removed from him and reassigned to two younger, female employees, a Senior Business Development Director and a Business Development Director.

39.     Plaintiff was also told that he was being assigned the less lucrative

territory that one of the younger female employees had handled prior to taking over his territory.

40.     Defendants' only explanation to Plaintiff for the reassignment was that Defendants were realigning territories based on which client, and potential client, companies were supported by venture capital funding.  Defendants did not explain why his accounts were removed from him and reassigned to his younger, female colleagues.

41.     As a result of Defendants' reassignment of his territory, Plaintiff had to start from scratch and introduce himself and build relationships with new potential clients.

42.     Plaintiff believed that Defendants' reassignment of Plaintiff's territory, combined with a significant increase in his target goals shortly after he started to report to Murray-Tait, by seventy-two (72%) percent, set him up to fail.

43.     In or about January 2023, Defendants promoted Christina Fox (female) into the position of Team Lead.

44.     To Plaintiff's information and belief, Fox is substantially younger than he is.

45.     Defendants did not post the position of Team Lead into which Fox was promoted.

46.     Plaintiff was qualified for the position of Team Lead into which Fox was promoted.

47.     Plaintiff would have applied for the position of Team Lead into which Fox was promoted if Defendants had posted the position.

48.     Defendants did not provide Plaintiff with an explanation as to why he was

not promoted into the position of Team Lead.

49.     On or about February 14, 2023, Murray-Tait met with Plaintiff to give him his performance review.

50.     In that meeting, Murray-Tait informed Plaintiff that he was given a "Needs Improvement" rating on his performance review.  She also told Plaintiff that he was being placed on a sixty-day Performance Improvement Plan ("PIP").

51.     Murray-Tait told Plaintiff that he received a "Needs Improvement" rating on his performance review and that he was placed on a PIP because of on-going concerns regarding his performance and/or behavior.

52.     The PIP included subjective targets and goals.

53.     The PIP also included references to alleged complaints from clients and potential customers.  Murray-Tait refused to give Plaintiff any details about the alleged complaints, including which clients had allegedly complained.

54.     Plaintiff and Murray-Tait met regularly to review the PIP following his placement on the PIP.

55.     Murray-Tait included in notes of the follow-up meetings that Plaintiff had met targets and goals included in the PIP.

56.     Murray-Tait included in the notes of the follow-up meetings that Plaintiff had previously complained about the new Proposal Manager, to whom he was reassigned in about June 2022, had made his job more difficult.

57.     Murray-Tait did not take steps to help Plaintiff in connection with the issue of his Proposal Manager, despite his repeated complaints that her lack of skills and experience, and her performance deficiencies, were making his job more difficult.

58.     On or about June 1, 2023, Defendants informed Plaintiff that his employment was terminated, effective immediately.

59.     Defendants told Plaintiff that he was terminated because he did not meet the objectives of the PIP.

60.     Plaintiff had not been told that Defendants extended the PIP beyond sixty days.

61.     Defendants did not provide Plaintiff with any documentation regarding his termination.

62.     At the time of Plaintiff's termination, he was the only one terminated from Murray-Tait's group.

63.     At the time of Plaintiff's termination, he was one of the two oldest male employees reporting directly to Murray-Tait.

64.     To Plaintiff's information and belief, he was replaced by a younger, female employee who was promoted into his Senior Business Development Director position.

65.     On Defendants' website, they tout that fifty-nine (59%) percent of their "global management are women".

66.     Plaintiff's sex was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including, but not limited to, failing to promote him into the position of Team Lead and terminating his employment.

67.     Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including, but not limited to, failing to promote him into the position of Team Lead and terminating Plaintiff's

employment.

69.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

<u>**COUNT I - Title VII**</u>

70.     Plaintiff incorporates herein by reference paragraphs 1 through 69 above, as if set forth herein in their entirety.

71.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

72.     Said violations were done with malice and/or reckless indifference.

73.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

74.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

75.     No previous application has been made for the relief requested herein.

<u>**COUNT II - ADEA**</u>

76.     Plaintiff incorporates herein by reference paragraphs 1 through 75 above, as if set forth herein in their entirety.

77.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

78.     Said violations were willful and warrant the imposition of liquidated damages.

79.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

80.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

81.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)      awarding liquidated damages to Plaintiff under the ADEA;

(f)      awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)      awarding Plaintiff such other damages as are appropriate under the Title VII and the ADEA;

(i)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

Dated:   03/08/2024          BY:      Caren N. Garmankin, Esq.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Arpad Madarasz

# Exhibit 1

| CHARGE OF DISCRIMINATION | | AGENCY<br>Ọ FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission | | |
|---|---|---|

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Arpad Madarasz** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Warminster, PA 18974 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**LabCorp; LabCorp Drug Development, Inc.; Laboratory Corporation of America Holdings; Lab. Corp. of America Holdings** | NUMBER OF EMPLOYEES, MEMBERS<br>> 100 | TELEPHONE (Include Area Code)<br>(908) 526-2400 |
|---|---|---|

| STREET ADDRESS<br>3301 Kinsman Blvd | CITY, STATE AND ZIP<br>Madison, WI 53704 | COUNTY<br>Dane |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Ọ Race   Ọ Color   **X** Sex   Ọ Religion   Ọ National Origin<br>Ọ Retaliation   **X** Age   Ọ Disability   Ọ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE |  |
|---|---|---|
| | Earliest | Latest   06/01/2023 |

**The Particulars Are:**

A.   1.      Relevant Work History

I was hired by Respondents on or about August 21, 2018. I last held the position of Senior Business Development Director. I last reported to Victoria Murray-Tait (56ᵃ, female), Executive Director. Murray-Tait reported to Kristine Dehler (45, female), Head of North American Sales, Early Development. I worked out of my home office in Pennsylvania.

Respondents failed to promote me, subjected me to a hostile work environment, and terminated my employment because of my sex and/or my age. When I was terminated, Respondents selected and retained less qualified, noncomplaining, female and/or substantially younger employees for and in positions for which I was more qualified, and assigned my job duties to less qualified, noncomplaining, substantially younger, female employees.

I consistently demonstrated positive performance and dedication to Respondents. I performed my duties in a highly-competent manner.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:<br><br>06/22/23 | Charging Party *(Signature):* |
| | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

ᵃ All ages herein are approximations.

EEOC Charge of Discrimination
Initials of Charging Party –

2.      Harm Summary

I have been discriminated against because of my age (62) and my sex (male).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a)  In January 2022, I began reporting to Murray-Tait.

(b)  Murray-Tait had no role in my being hired at Respondents.

(c)  Murray-Tait treated me differently and worse, and in a more hostile and dismissive manner, than she treated female and/or younger employees.

(d)  My performance was unjustly criticized.

(e)  I was held to a higher, more stringent standard than female and/or younger employees.

(f)  I was assigned higher sales target goals than female and/or younger employees were assigned.

(g)  In January 2022, in a meeting with Murray-Tait, Respondents increased my sales target goals by seventy-two percent (72%).

(h)  To my knowledge, female and/or younger employees did not have their sales target goals increased by seventy-two percent (72%).

(i)  I received no explanation, including the criteria, as to why my sales target goals were increased by seventy-two percent (72%).

(j)  Respondents increased my sales target goals by seventy-two percent (72%) because of my sex and/or my age.

(k)  In June 2022, after working with an experienced Proposal Manager employee, I was assigned an inexperienced Proposal Manager employee, which disadvantaged me and my sales ability.

(l)  On or about October 18, 2022, in a meeting with Murray-Tait, she told me that the territory that I had for the past three (3) years was being removed from me and transferred to Christina Fox (45, female), then Senior Business Development Director, and Lauren Wickert (40, female), then Business Development Director.  I was assigned Fox's less lucrative territory.

(m)  I was more qualified to handle my territory than the substantially younger, female employees to whom the territory was assigned.

(n)  Respondents removed my territory from me and assigned it to substantially younger, female employees because of my sex and/or my age.

(o)  In January 2023, Respondents failed to promote me to Team Lead.  Instead of promoting me, Respondents promoted Christina Fox (45, female).  I had no opportunity to apply for the position because the position was not posted.  If the position had been posted, I would have applied for the position.  I was more qualified for the Team Lead position than the substantially younger, female employee who was promoted instead of me.

(p)  I received no explanation, including the selection criteria, as to why I was not

2

EEOC Charge of Discrimination
Initials of Charging Party –

promoted and the substantially younger, female employee was promoted instead.

(q)  Respondents failed to promote me to the Team Lead position because of my age and/or sex.

(r)  In January 2023, Respondents promoted Lauren Wicker (40, female), from Business Development Director to Senior Business Development Director.

(s)  On February 7, 2023, in a meeting with Murray-Tait, she unjustly criticized my performance.

(t)  On February 14, 2023, in a meeting with Murray-Tait, I received a Needs Improvement performance review rating, and I was placed on a Performance Improvement Plan ("PIP"). The stated reason was "on-going concerns regarding [my] performance and/or behavior." My performance and/or behavior did not warrant a Needs Improvement rating or a PIP. The PIP contained target goals that were unfeasible to complete in the timeframe provided. The PIP was scheduled to last sixty (60) days. The PIP stated that, upon completion of the PIP, I would receive documentation showing whether I satisfactorily or unsatisfactorily completed the PIP.

(u)  Respondents issued me a Needs Improvement performance review rating because of my sex and/or my age.

(v)  Respondents placed me on a PIP because of my sex and/or my age.

(w)  Female and/or younger employees were not placed on a PIP.

(x)  I received no explanation, including the criteria, as to why I was placed on a PIP while female and/or younger employees were not.

(y)  My PIP was not extended.

(z)  I received no further documentation in connection with the PIP.

(aa) For quarter one (1) of 2023, I achieved ninety-five percent (94%) of my target goal.

(bb) I was on track for meeting my 2023 sales target goals.

(cc) On June 1, 2023, in a meeting with Murray-Tait and DeMorris McMillian (40, male), Human Resources, Respondents terminated my employment, effective immediately. The stated reason was that I did not meet the PIP objectives. I did not receive anything in writing regarding my termination.

(dd) Despite the PIP stating that, upon completion of the PIP, I would receive documentation showing whether I satisfactorily or unsatisfactorily completed the PIP, I received no documentation regarding the same.

(ee) I had no opportunity to remain employed with Respondents.

(ff)  I was the only employee who was terminated effective June 1, 2023.

(gg) At the time of my termination, the following employees reported to Murray-Tait. I was as if not more qualified to perform each of these positions.

  i)   Lauren Wicker (40, female), Senior Business Development Director;
  ii)  Christina Fox (45, female), Team Leader;

3

EEOC Charge of Discrimination –
Initials of Charging Party –

iii) Jesse Chow (40, male), Business Development Director;
iv) Martina Johnson (40, female), Business Development Director;
v) Harry Solis (63, male), Business Development Director;
vi) Arpad Madarasz (62, male), Senior Business Development Director.

(hh) Respondents retained female and/or substantially younger employees in positions for which I was more qualified when I was terminated.

(ii) Respondents terminated my employment because of my sex and/or my age.

(jj) Respondents subjected me to a hostile work environment because of my sex and/or my age.

(kk) Respondents assigned my job duties and responsibilities to younger and/or female employees. I was more qualified to perform my job duties and responsibilities than the substantially younger and/or female employees to whom Respondents assigned my job duties and responsibilities.

(ll) Respondents' sex and age discriminatory conduct and comments have caused me emotional distress.

(mm) Respondents did not target or treat in the same way similarly situated female and/or substantially younger employees.

B.  1.  Respondents' Stated Reasons

(a) Respondents have provided no explanation for subjecting me to a hostile work environment because of my sex and/or my age.

(b) Respondents have provided no explanation for failing to promote me to Team Leader.

(c) Respondents' stated reason for terminating my employment—that I did not meet the PIP objectives—is pretext for age and/or sex discrimination.

C.  1.  Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my sex (male) and my age (62) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA") as set forth herein.

4

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/11/2023

**To:** Arpad Madarasz

Charge No: 530-2023-06235

EEOC Representative and telephone number:

Legal Unit
(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
12/11/2023
Karen McDonough
Deputy District Director