IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARPAD MADARSZ,<br>Warminster, PA 18974<br><br>Plaintiff,<br><br>vs.<br><br>LABORATORY CORPORATION<br>OF AMERICA HOLDINGS<br>358 South Main Street<br>Burlington, NC 27215<br><br>and<br><br>LABORATORY EARLY DEVELOPMENT<br>LABORATORIES, INC.<br>358 South Main Street<br>Burlington, NC 27215,<br><br>and<br><br>LABORATORY DRUG<br>DEVELOPMENT INC.<br>358 South Main Street<br>Burlington, NC 27215<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 2:24-CV-01014 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants, Laboratory Corporation of America Holdings ("**Labcorp**"), Labcorp Early Development Laboratories Inc. ("**Labcorp Early Development**"), and Laboratory Drug Development Inc. ("**LDD**") (collectively, the "**Defendants**"), by and through their undersigned counsel, hereby file the instant Answer and Affirmative Defenses to the Complaint (the "**Complaint**") of Plaintiff, Arpad Madarasz ("**Plaintiff**"). Defendants deny each and every allegation not specifically admitted herein.

# I. INTRODUCTION

Admitted in part; denied in part. It is admitted only that Plaintiff purports to bring an action against Defendants. The remaining averments within the "Introduction" section of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

# II. PARTIES

1. Admitted in part; denied in part. It is admitted only that Plaintiff is an individual. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining averments within Paragraph 1 of the Complaint and, therefore, deny same.

2. Admitted in part; denied in part. It is admitted only that, upon information and belief: (i) Plaintiff was born in April 1961; and (ii) was sixty-two years old at the time Labcorp Early Development terminated his employment with Labcorp Early Development on June 1, 2023. All remaining averments within Paragraph 2 of the Complaint are denied.

3. Admitted. It is admitted that, upon information and belief, Plaintiff identifies as a male.

4. Admitted.

5. Admitted in part; denied in part. It is admitted only that Labcorp Early Development is a Delaware corporation, with its principle place of businesss located at 8211 Scicor Drive, Indianapolis, IN 46214. All remaining averments within Paragraph 5 of the Complaint are denied.

6. Admitted in part; denied in part. To the extent that the averments within Paragraph 6 of the Complaint purport to refer to the content of a Position Statement filed by Defendants with the United States Equal Employment Opportunity Commission ("**EEOC**"), such document speaks

for itself and, therefore, the averments are denied. To the extent that the averments do not rely on the aforementioned Position Statement, Defendants admit that Labcorp Early Development was a wholly owned subsidiary of LDD.

7. Admitted in part; denied in part. It is admitted only that Labcorp Early Development paid Plaintiff compensation owed to him pursuant to his employment with Labcorp Early Development. All remaining averments within Paragraph 7 of the Complaint are denied.

8. Denied. The averments within Paragraph 8 of the Complaint state conclusions of law to which no response is required and, therefore, are denied.

9. Denied. The averments within Paragraph 9 of the Complaint state conclusions of law to which no response is required and, therefore, are denied.

10. Denied. The averments within Paragraph 10 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent that they are deemed factual, they are denied.

11. Denied. The averments within Paragraph 11 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent that they are deemed factual, they are denied.

12. Denied.

13. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 13 of the Complaint and, therefore, deny same.

## II. JURISDICTION AND VENUE

14. Denied. The averments within Paragraph 14 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

15. Denied. The averments within Paragraph 15 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

16. Denied. The averments within Paragraph 16 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

17. Admitted in part; denied in part. It is admitted only that: (i) Defendants are not citizens of the Commonwealth of Pennsylvania; and (ii) upon information and belief, Plaintiff is a citizen of the Commonwealth of Pennsylvania. The remaining averments within Paragraph 17 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

18. Denied. The averments within Paragraph 18 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

19. Denied. The averments within Paragraph 19 of the Complaint purport to refer to the content of a Charge of Discrimination filed with the EEOC and allegedly cross-filed with the Pennsylvania Human Relations Commission by Plaintiff; such document speaks for itself and, therefore, the averments are denied.

20. Denied. The averments within Paragraph 20 of the Complaint purport to refer to the content of a Dismissal and Notice of Right to Sue letter; such document speaks for itself and, therefore, the averments are denied.

21. Denied. The averments within Paragraph 21 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

### IV. FACTUAL ALLEGATIONS

22. Admitted in part; denied in part. It is admitted only that Plaintiff was hired by Labcorp Early Development for a position with only Labcorp Early Development on August 20, 2018. All remaining averments within Paragraph 22 of the Complaint are denied.

23. Admitted in part; denied in part. It is admitted only that, at the time of the termination of his employment with Labcorp Early Development, Plaintiff held the position of Senior Business Development Director, Labcorp Early Development. All remaining averments within Paragraph 23 of the Complaint are denied.

24. Denied.

25. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 25 of the Complaint and, therefore, they are denied. Defendants further deny that Plaintiff worked for any of the Defendants other than Labcorp Early Development.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 31 of the Complaint and, therefore, deny same. It is further denied that Plaintiff worked for or with any of the Defendants other than Labcorp Early Development.

32. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 32 of the Complaint and, therefore, they are denied. It is further denied that Plaintiff worked for or with any of the Defendants other than Labcorp Early Development.

33. Admitted in part; denied in part. It is admitted only that Plaintiff worked with Tom Klien, Project Manager, and was later assigned to work with Deb Morgan, Project Manager. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining averments within Paragraph 33 of the Complaint and, therefore, denies same. It is further denied that Plaintiff worked for or with any of the Defendants other than Labcorp Early Development.

34. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 34 of the Complaint and, therefore, deny same.

35. Admitted in part; denied in part. It is admitted only that Plaintiff, in attempting to excuse his poor performance, referenced to Ms. Murray-Tait the difficulties that he was purportedly having with Project Manager support since losing Tom Klien. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining averments within Paragraph 35 of the Complaint and, therefore, deny same.

36. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 36 of the Complaint and, therefore, deny same.

37. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 37 of the Complaint and, therefore, deny same.

38. Denied.

39. Denied.

40. Denied. It is further denied that Plaintiff worked for any of the Defendants other than Labcorp Early Development.

41. Denied.

42. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of what "Plaintiff believed," as alleged within Paragraph 42 of the Complaint and, therefore, deny same. All remaining averments within Paragraph 42 of the Complaint are denied.

43. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 43 of the Complaint and, therefore, deny same.

44. Admitted in part; denied in part. It is admitted only that Ms. Fox is forty-five (45) years old and is, therefore, younger than Plaintiff. All remaining averments within Paragraph 44 of the Complaint are denied.

45. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 45 of the Complaint and, therefore, deny same.

46. Denied.

47. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 47 of the Complaint and, therefore, deny same.

48. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 48 of the Complaint and, therefore, deny same.

49. Admitted in part; denied in part. It is admitted only that: (i) in October 2022, Ms. Murray-Tait coached Plaintiff on his ongoing performance deficiencies; and (ii) in February 2023, when his performance did not improve, he was placed on a 60-day Performance Improvement Plan ("**PIP**"). All remaining averments within Paragraph 49 of the Complaint are denied.

50. Admitted.

51. Admitted in part; denied in part. It is admitted only that Plaintiff received a "Needs Improvement" rating on his performance review and was placed on a PIP due to his ongoing performance deficiencies, as discussed in those documents. All remaining averments within Paragraph 51 of the Complaint are denied.

52. Denied. The averments within Paragraph 52 of the Complaint purport to refer to the content the 60-day PIP, which speaks for itself and, therefore, the averments are denied.

53. Denied. To the extent that the averments within Paragraph 53 of the Complaint purport to refer to the content the 60-day PIP, which speaks for itself, the averments are denied. As to the remaining averments within Paragraph 53 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 53 of the Complaint and, therefore, they are denied.

54. Admitted in part; denied in part. It is admitted only that Ms. Murray-Tait and Plaintiff met regularly to discuss his ongoing performance and how it measured up to the objectives set forth in his PIP. All remaining averments within Paragraph 54 of the Complaint are denied.

55. Denied. The averments within Paragraph 55 of the Complaint purport to refer to "notes of the follow-up meetings" taken by Ms. Murray-Tait; those "notes" speak for themselves,

and, therefore, the averments are denied. It is further denied that Plaintiff ultimately met the objectives set forth in the PIP.

56. Denied. To the extent that the averments within Paragraph 56 of the Complaint purport to refer to "notes of the follow-up meetings" taken by Ms. Murray-Tait, those "notes" speak for themselves, and the averments are denied.

57. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 57 of the Complaint and, therefore, deny same.

58. Admitted in part; denied in part. It is admitted only that on June 1, 2023, Labcorp Early Development terminated Plaintiff's employment with Labcorp Early Development. All remaining averments within Paragraph 58 of the Complaint are denied.

59. Admitted in part; denied in part. It is admitted only that Lacorp Early Development terminated Plaintiff's employment with Labcorp Early Development due to his continued performance deficiencies and failure to meet the objectives set forth in his 60-day PIP. All remaining averments within Paragraph 59 of the Complaint are denied.

60. Denied.

61. Denied. The term "documentation" within Paragraph 61 of the Complaint is vague and ambiguous and, therefore, the averments within Paragraph 61 of the Complaint are denied.

62. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 62 of the Complaint and, therefore, deny same.

63. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 63 of the Complaint and, therefore, deny same.

64. Denied.

65. Denied. The averments within Paragraph 65 of the Complaint purport to refer to "Defendants' website," which speaks for itself and, therefore, the averments are denied.

66. Denied.

67. Denied.

68. Denied. Paragraph 68 is missing from the Complaint and, therefore, it is denied.

69. Denied. It is further denied that Plaintiff is entitled to any form of relief.

### COUNT I – TITLE VII

70. Defendants re-allege and incorporate by reference their responses to each of the allegations set forth above as if stated verbatim and in full herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 75 of the Complaint and, therefore, they are denied.

### COUNT II - ADEA

76. Defendants re-allege and incorporate by reference their responses to each of the allegations set forth above as if stated verbatim and in full herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 81 of the Complaint and, therefore, they are denied.

**RELIEF**

The averments within the "WHEREFORE" clause of the Complaint and its subparagraphs (a) – (J) reflect a prayer for relief and state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

To the extent that a further response is deemed necessary, Defendants deny any and all liability, pray that Plaintiff's Complaint be dismissed with prejudice and that the Court enter judgment in Defendants' favor on all Counts of the Complaint, that Defendants be awarded their costs and expenses in defending this action, including attorneys' fees, and for such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert the following Affirmative Defenses to Plaintiff's Complaint without assuming the burden of proof of any issues as to which the burden of proof is on Plaintiff under applicable law:

**First Affirmative Defense**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims, or certain of them, are barred by the applicable statute of limitations.

**Third Affirmative Defense**

Plaintiff is estopped and barred by Plaintiff's own conduct from requesting the relief set forth in the Complaint.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and waiver.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, and/or other prerequisites to suit.

### Seventh Affirmative Defense

Defendants have made good faith efforts to prevent discrimination and harassment in the workforce, and exercised reasonable care to prevent and correct promptly any unlawful behavior.

### Eighth Affirmative Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid harm or otherwise.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were the result of acts or omissions of parties over which Defendants had no control or circumstances over which Defendants had no control.

### Tenth Affirmative Defense

Any and all actions taken by Defendants, if any, with respect to Plaintiff's employment or terms and conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons, were taken without regard to sex, age, or any purported engagement in protected activity, and were not pretextual.

**Eleventh Affirmative Defense**

Plaintiff's claims and/or damages are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination or retaliation, which is not the case, Defendants would have reached the same decision, absent any alleged discrimination or retaliation.

**Twelfth Affirmative Defense**

If Plaintiff suffered any of the injuries, losses, and damages alleged in the Complaint, then said injuries, losses, and damages were a direct and proximate result of Plaintiff's own negligence or contributory conduct.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred insomuch as, if Plaintiff were to prevail in the above-captioned matter, Plaintiff would be unjustly enriched.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of any act or omission taken by Defendants.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the damages sought in the Complaint.

**Sixteenth Affirmative Defense**

Plaintiff fails to allege facts sufficient to allow the recovery of punitive damages from Defendants. Further, Plaintiff is not entitled to recover the punitive damages alleged in the Complaint because such an award would violate Defendants' rights under the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania.

### Seventeenth Affirmative Defense

Plaintiff's damages, if any, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate Plaintiff's damages.

### Eighteenth Affirmative Defense

Plaintiff's claims are baseless and without merit or legal foundation and, as a result, Defendants are entitled to recover their reasonable attorneys' fees and costs incurred herein.

### Nineteenth Affirmative Defense

If any of Defendants' respective employees engaged in any wrongful acts toward Plaintiff, said acts were outside the scope of the employee's employment with Defendants and were independent, intervening, and unforeseeable acts that were not ratified, confirmed or approved by Defendants and, therefore, cannot be attributed to or imputed to Defendants.

### Twentieth Affirmative Defense

No penalty or liability under applicable law is appropriate because, at all relevant times, Defendants did not willfully, knowingly, or intentionally fail to comply with any provision(s) of applicable law, but rather acted in good faith and had reasonable grounds for believing that they had not violated any provision(s) of applicable laws.

### Reservation

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve their right to amend their Answer, and/or to otherwise assert such defenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Defendants deny all liability to Plaintiff and demand judgment in their favor, and against Plaintiff, together with interest, costs, attorneys' fees and such further relief as the Court deems just and proper.

Respectfully submitted this 6th day of May, 2024.

                                                  s/*David J. Garraux*
                                                  David J. Garraux
                                                  K&L GATES LLP
                                                  K&L Gates Center
                                                  210 Sixth Avenue
                                                  Pittsburgh, PA 15222-2613
                                                  Tel.: (412) 355-6580
                                                  Fax.: (412) 355-6501
                                                  Email: david.garraux@klgates.com

                                                  *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case on the 6th day of May, 2024.

Caren N. Gurmankin
Console Mattiacci Law LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Email: gurmankin@consolelaw.com

*Attorneys for Plaintiff*

                                                s/*David J. Garraux*
                                                David J. Garraux
                                                K&L GATES LLP
                                                K&L Gates Center
                                                210 Sixth Avenue
                                                Pittsburgh, PA 15222-2613
                                                Tel.: (412) 355-6580
                                                Fax.: (412) 355-6501
                                                Email: david.garraux@klgates.com

                                                *Attorneys for Defendants*